**STATE, ex SHUMAKER, Relator, v. BOARD OF EMBLAMERS - et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 3939. Decided September 9, 1946.

Herbert M. Eikenbary, Dayton, for Relator.

Hugh S. Jenkins, Attorney General, Joseph Fodor, Asst. Attorney General, Columbus, for Respondents.

## OPINION

By THE COURT:

The respondents have filed a demurrer to the petition of the relator on the ground that the same does not state facts sufficient to constitute a cause of action. The action is one in mandamus wherein the relator alleges that he possesses the qualifications required to entitle him to take the examination to become an embalmer under the laws of Ohio, but that the respondents have denied him the right to take the examination. The prayer of the petition is in part as follows:

"Wherefore, your relator prays that he may secure the right and privilege from this Board of Embalmers and Funeral Directors of Ohio of taking his examination as a funeral director of the state of Ohio; * * *."

It is the contention of the respondents that the relator has an adequate remedy at law, and that the demurrer should be sustained.

The law is well established that where there is a plain and adequate remedy by due course of law mandamus will not lie. See **Gannon v Gallagher, 145 Oh St 170; State, ex rel v Court, 144 Oh St 461.** Sec 1335-7 GC defines when a Board may refuse to grant a license, as follows:

"The board may refuse to grant, may suspend or may

revoke any license granted to a person in accordance with the provisions of the Administrative Procedure Act (Secs 154-61 to 154-73, GC) and for any of the following reasons:

Now §154-73 GC referred to by the above section provides:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination * * * may appeal to the Common Pleas Court of the county in which the place of business of the licensee is located or the county in which the licensee is a resident from the order of said agency, * * *."

This section is of a recent enactment and became effective on the 12th day of October, 1945.

Counsel for the relator relies upon the case of **State, ex rel. Homan v The Board of Embalmers and Funeral Directors of Ohio**, 135 Oh St 321, which case was decided on May 3, 1939, and prior to the enactment of §154-73 GC. This case cannot, therefore, be determinative of the question herewith presented.

This Court is of the opinion that a remedy at law is provided by the above cited section, §154-73 GC. If the relator, at an open hearing of the Board, presents sufficient evidence and proves that he has complied with all the required qualifications to take an examination as a funeral director, and if in spite of such facts the Board rules adversely, he can remedy this by appealing the Board's order to the Common Pleas Court.

The demurrer to the petition is sustained.

HORNBECK, PJ, WISEMAN annd MILLER, JJ, concur.